**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re NAPOLEON M. WOODHOUSE | ) | Case No. 09-61399-LYN |
| and CHAUNCEE B. WOODHOUSE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## MEMORANDUM ON MOTION TO RECONSIDER ORDER OVERRULING OBJECTION TO CLAIM # 7

The Debtors filed their petition on May 4, 2009. On November 23, 2009, the Debtors filed an objection to claim no. 7 of Roundup Funding LLC ("Roundup") in the amount of $307.25 on the grounds, among other things, that the claim is barred by the statute of limitations. The claim was assigned to Roundup by Check-n-go.

The original objection to the proof of claim asserted:

> Creditor failed to file assignment of the claim. No supporting documentation. No evidence of contract, itemized statements, etc. Debt incurred in 2004 and is barred by the Statute of Limitations. No payments to be paid by the Chapter 13 Trustee.

A defense based on a statute of limitations is an affirmative defense and the burden of production and the burden of persuasion are on the party objecting to the proof of claim. In order to prevail on a statute of limitations defense to a proof of claim, a debtor must provide evidence that the contract is subject to a certain statute of limitations and that the deadline by

which the creditor must have brought the cause of action had passed as of the date of petition. The Debtors in this case did not meet their burden of production because they did not provide evidence, or event allege, that the claim arising from the debt was subject to a three-year statute of limitations Accordingly, the Court overruled the objection.

On the motion for reconsideration, as on the original objection to the proof of claim, the Court takes into consideration that Roundup failed to appear. When a respondent fails to appear and an application is made to the court under rule 55(b)(2) for entry of an order or judgment by default, the trial court is required to exercise sound judicial discretion in determining whether the judgment should be entered. 10A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure Civil 2d § 2685 (1998). Entry of a default judgment is not a matter of right that flow's automatically from a defendant's failure to respond to the complaint, but rather a matter of the court's discretion. D'Onofrio v. II Mattino, 430 F.Supp. 431, 437 (D.C. Pa. 2006) Also see, Lau Ah Yew v. Dulles 236 F.2d 415, 416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court.")

The Court accepts well-pleaded facts as true, but those facts must give rise under the law to the relief requested, even on a motion for default judgment.

> . . . "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. [Footnote omitted] As the Supreme Court stated in the "venerable but still definitive case"[Footnote omitted] of Thomson v. Wooster: a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." 114 U.S. at 113, 5 S.Ct. at 792, 29 L.Ed. at 108. The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, [Footnote omitted] a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. Thomson v. Wooster; Ohio

<u>Central Railroad Company v. Central Trust Company of New York</u>; <u>Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank</u>, 515 F.2d 1200 (5th Cir 1975).

A cause of action based on a debt based on an oral contract must be brought within three years.  A cause of action based on a debt based on a written contract must be brought within five years. Va. Code § 8.01- 246.  The debt in this case arose more than three, but less than five, years before the date of petition.  Accordingly, whether the objection may be sustained hinges on whether the debt is based on an oral or written contract.  The Debtors have failed to provide evidence that the debt is based on an oral, as opposed to written, contract.  Indeed, they did not plead such in the original objection to claim.

The Debtors assert in the memorandum in support of the motion for reconsideration that "[t]he objection stated that there was no contract".  This is not true.  The original objection stated "[n]o evidence of contract, itemized statements, etc."  The two statements are not the same.  The first statement asserts that no contract ever existed.  The second asserts that the creditor never provided evidence of a contract.  The distinction is important, even crucial, in light of the fact that the burden of production is on the Debtors.  In fact, any assertion that the statements are the same is, *per force*, an assertion that the burden of production is, or should be, shifted to Roundup.  Such an assertion is wrong as a matter of law.

The Debtors argue that the parol evidence rule applies and somehow supports their cause. The parol evidence rule provides that "parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional written instrument." <u>Godwin v. Kerns</u>, 178 Va. 447, 17 S.E.2d 410, 412 (1941) (as quoted in <u>In re Virginia-Carolina Financial Corp.</u>, 954 F.2d 193, 197-

198 (4th Cir. 1992).  In this case, it is not the interpretation of a written contract that is at issue, rather, it is whether a written contract exists.   The parol evidence rule is not applicable.

The Debtors also assert the statute of frauds applies and somehow supports their cause. The statute of frauds requires that contracts concerning certain matters be in writing and that no oral contract concerning those matters is valid.[1]  The issue in this case is not whether a contract is required, but rather, whether a contract exists.

The court, however, concludes that the language in the motion for reconsideration and in the memorandum therein, is sufficient to infer that the Debtors have plead that the underlying debt is not based on a written contract.   The motion for reconsideration will be granted and the objection to claim no. 7 of Roundup Funding LLC in the amount of $307.25 will be sustained.

The Debtors may lodge a conforming order.

---

[1] The Virginia statute of frauds, found at Va. Code § 11-2, provides

Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases:

1. To charge any person upon or by reason of a representation or assurance concerning the character, conduct, credit, ability, trade, or dealings of another, to the intent or purpose that such other may obtain thereby, credit, money, or goods;
2. To charge any person upon a promise made after attaining the age of majority, to pay a debt contracted during infancy, or upon a ratification after attaining the age of majority, of a promise or simple contract made during infancy;
3. To charge a personal representative upon a promise to answer any debt or damages out of his own estate;
4. To charge any person upon a promise to answer for the debt, default, or misdoings of another;
5. Upon any agreement made upon consideration of marriage;
6. Upon any contract for the sale of real estate, or for the lease thereof for more than a year;
7. Upon any agreement or contract for services to be performed in the sale of real estate by a party defined in § 54.1-2100 or § 54.1-2101;
8. Upon any agreement that is not to be performed within a year; or
9. Upon any agreement or promise to lend money or extend credit in an aggregate amount of $25,000 or more.

The consideration need not be set forth or expressed in the writing, and it may be proved (where a consideration is necessary) by other evidence.

Upon entry of this memorandum, the Clerk shall forward a copy to Stephen E. Dunn, Esq., counsel for the Debtors, the Chapter 13 trustee, and Roundup Funding, LLC.

Entered on this  26th  day of March, 2010.

_____
William E. Anderson
United States Bankruptcy Judge